UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DITECH FINANCIAL LLC,          Civil No. 15-8804 (NLH/JS)

        Plaintiff,
                            **OPINION**

    v.


MICHAEL J. ROSS and DEBORAH
ROSS, et al.,

        Defendants.

---

FEI F. LAM
MARK S. WINTER
STERN LAVINTHAL & FRANKENBERG LLC
105 EISENHOWER PARKWAY
SUITE 302
ROSELAND, NJ 07068
    On behalf of plaintiff

MICHAEL J. ROSS
DEBORAH ROSS
P.O. BOX 847
ALLOWAY, NJ 08001
    Defendants appearing *pro se*

**HILLMAN, District Judge**

    Defendants, Michael and Deborah Ross, appearing *pro se*, removed plaintiff Ditech Financial LLC's foreclosure action against them to this Court from the New Jersey Superior Court, Chancery Division, Salem County.  Plaintiff has moved to remand the action, arguing that this Court lacks subject matter

1

jurisdiction to hear its case against defendants.[1]  The Court agrees with plaintiff and will remand the matter to state court.

In their notice of removal, defendants contend that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because plaintiff's foreclosure action implicates federal law.  Specifically, defendants argue that plaintiff's actions relative to the foreclosure proceedings violated the U.S. Constitution, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  Defendants also contend that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.  Despite defendants' contentions, this Court cannot exercise subject matter jurisdiction over the action under § 1331 or § 1332(a).

As a primary matter, removal of a case from state to federal court is governed by 28 U.S.C. § 1441.  Section § 1441 is to be strictly construed against removal so that the Congressional

---

[1] Also pending are the following motions of defendants:  motion to dismiss [4], motion to strike all papers filed by plaintiff and its counsel [19], and "stipulated motion to cease/cancel all collection activity to dismiss the case" [22].  Because the Court will remand the matter for lack of subject matter jurisdiction, defendants' pending motions must be denied as moot.

intent to restrict federal jurisdiction is honored. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

With regard to a case removed under § 1331, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). It is well-settled that "a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831-32 (2002) (explaining that "[a]llowing a counterclaim to establish 'arising under' jurisdiction would [] contravene the longstanding policies underlying our precedents," as "[i]t would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim"). Additionally, "[a] federal defense to a

3

plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court." Dukes v. United States Healthcare, Inc., 57 F.3d 350, 353 (3d Cir.1995) (citation omitted).

Here, no federal question appears on the face of plaintiff's foreclosure complaint, and federal law is only implicated by defendants' asserted defenses or counterclaims.  Thus, defendants' removal of plaintiff's complaint based on 28 U.S.C. § 1331 is improper.  See Green Tree Servicing LLC v. Dillard, 88 F. Supp. 3d 399 (D.N.J. 2015) (dismissing removed foreclosure complaint for lack of subject matter jurisdiction despite defendants' contention that the litigation would require the consideration of disputed federal questions because the face of the plaintiff's complaint did not identify any federal question).

With regard to a case removed under § 1332(a) where diversity of citizenship exits between the parties, the presence of a defendant who is a citizen of the state in which the action is brought precludes removal under § 1332(a).  See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such

4

action is brought"). In this case, even if plaintiff and defendants are citizens of different states, defendants are citizens of New Jersey (see Docket No. 1 at 6), and they are therefore precluded from removing the New Jersey state court action to this Court.

Consequently, because this Court lacks subject matter jurisdiction over this case, the action must be remanded to New Jersey state court. An appropriate Order will be entered.

Date: August 4, 2016             s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.